UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TYSHAWN CORBETT,
                Plaintiff,

   v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE SERGEANT
PAUL MUGGEO, Shield # 1298, 165th Command,
NEW YORK CITY POLICE OFFICER
FELIX ROSA, Shield # 14543, 165th Command,
NEW YORK CITY POLICE OFFICER
JAMAL BLACKETT, Shield # 860, 165th Command,
NEW YORK CITY POLICE LIEUTENANT
JOHN DOE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER ONE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
AMANDA MORABITO, Tax #****13
113th Precinct,
                Defendant(s).
-------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

**CV 15      7359**

**BRODIE, J.**

**SCANLON, M.J.**

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which Plaintiff, TYSHAWN CORBETT, seeks redress for

the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C.

1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection

Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by

under the Laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

1

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

### VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

### PARTIES

7. Plaintiff, TYSHAWN CORBETT is a United States Citizen and resident of the United States, and is and at all times relevant herein is a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE SERGEANT PAUL MUGGEO, NEW YORK CITY POLICE OFFICER FELIX ROSA, NEW YORK CITY POLICE OFFICER JAMAL BLACKETT, NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFICER AMANDA MORABITO, upon information and

2

belief are all assigned to the New York City Police Department's BROOKLYN NORTH NARCOTICS DIVISION (Command 165), the 75th Precinct and 113th Precinct, respectively, and are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE SERGEANT MUGGEO, NEW YORK CITY POLICE OFFICERS ROSA and BLACKETT, NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, and NEW YORK CITY POLICE OFFICER AMANDA MORABITO are sued individually and in their official capacities. At all times relevant Defendants NEW YORK CITY POLICE SERGEANT MUGGEO, NEW YORK CITY POLICE OFFICERS FELIX ROSA, JAMAL BLACKETT, NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFICER AMANDA MORABITO were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY POLICE SERGEANT MUGGEO, NEW YORK CITY POLICE OFFICERS FELIX ROSA, JAMAL BLACKETT, NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFICER AMANDA MORABITO were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE

3

NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

10.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

### First Incident

11.  On November 29, 2013 at approximately 9:20 p.m., Plaintiff TYSHAWN CORBETT, who resides in Kings County, was in the vicinity of Cleveland Street and Glenmore Avenue in Kings County when he was ordered to pull over by members of THE NEW YORK CITY POLICE DEPARTMENT.  The Plaintiff, who had committed no motor vehicle infraction, pulled over as instructed.  The Plaintiff observed four members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendants NEW YORK CITY POLICE OFFICER JAMAL

4

BLACKETT, NEW YORK CITY POLICE OFFICER FELIX ROSA approach his vehicle. The Plaintiff exited the vehicle and ran away from the aforementioned Defendant Officers. The Plaintiff jumped over a fence, and was at the top of a second fence when Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO discharged his service weapon in close proximity to Plaintiff's left ear, causing ringing, intense pain and the permanent loss of hearing in that ear. Defendant SERGEANT MUGGEO then held the Plaintiff's legs and pulled the Plaintiff off the fence as Plaintiff stated in sum and substance, "you shot me" to Defendant SERGEANT MUGGEO. The Plaintiff was then maced by Defendant NEW YORK CITY POLICE OFFICER FELIX ROSA, and punched and kicked about the body and head by Defendant NEW YORK CITY POLICE OFFICERS JAMAL BLACKETT and FELIX ROSA, causing Plaintiff extreme pain to the body and head, requiring Plaintiff to receive treatment at a local hospital, where Plaintiff was interviewed and photographed by members of THE NEW YORK CITY POLICE DEPARTMENT Internal Affairs Bureau regarding the aforementioned incident. The Plaintiff was subsequently diagnosed with an approximate loss of forty percent of the hearing in Plaintiff's left ear as a result of Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO discharging his service weapon in close proximity to Plaintiff's left ear.

### Second Incident

12. On August 7, 2015 at approximately 10:30 p.m. Plaintiff was in the vicinity of 179 Milford Street in Kings County. Plaintiff was with a few friends at the location for approximately ten minutes when a black Jeep pulled up and four members of THE NEW YORK CITY POLICE DEPARTMENT, including named Defendant Officers, NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE

5

OFFICER JOHN DOE NUMBER ONE, exited the vehicle and approached the Plaintiff and his companions and ordered them not to move. Defendant Officers LIEUTENANT.JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, and the other Officer proceeded to physically search the Plaintiff and his companions. Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE then informed the Plaintiff that "it must not be your lucky day, you have a warrant." Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE then handcuffed the Plaintiff and began to search the Plaintiff's crotch area, physically grabbing the Plaintiff's penis and telling the Plaintiff, in sum and substance, "you have something under your balls, we are going to strip search you at the precinct." The Plaintiff was subsequently transported to the 75th Precinct, where he was placed in a cell. Several members of the NEW YORK CITY POLICE DEPARTMENT, including Defendant Officers NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE then entered the cell. Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE then ordered the Plaintiff to remove his pants and bend over and squat. Thereafter NEW YORK CITY POLICE LIEUTENANT JOHN DOE then suddenly, physically grabbed Plaintiff's testicles causing Plaintiff's left hand to strike the metal bars of the cell causing injury to the metatarsal bones of Plaintiff's left hand, requiring Plaintiff to obtain medical treatment. No contraband was found on the Plaintiff as a result of this second search of the Plaintiff's person. The Plaintiff was held in custody at the 75th Precinct for approximately eleven hours, before being transported to Central Booking, having been issued a Summons by Defendant NEW YORK CITY POLICE OFFICER JOHN DOE. After approximately thirteen more hours in custody, the summons issued by Defendant NEW YORK

CITY POLICE OFFICER JOHN DOE was dismissed by the Court. The "warrant" previously mentioned by Defendant LT JOHN DOE was for another individual with a name other than that of Plaintiff.

### Third Incident

13. On October 30, 2015 Plaintiff was in the vicinity of 132-55 Ridgedale Street in Queens County when he was approached by named Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO as Plaintiff was in the process of picking up his daughter from school. Defendant OFFICER MORABITO informed the Plaintiff that she had received information that Plaintiff had a full stay away Order for Plaintiff to stay away from his daughter's school. The Plaintiff informed Defendant NEW YORK CITY POLICE OFFICER MORABITO that he was aware of the Order and that it was subject to modification by Family Court. The Plaintiff then informed Defendant OFFICER MORABITO that he had an Order from Family Court allowing Plaintiff to pick up his daughter from school. The Plaintiff also showed the Order, signed by The Honorable Carol Goldstein on August 10, 2015, to Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO, who nevertheless placed the Plaintiff under arrest. The Plaintiff was subsequently searched and transported to the 113th Precinct, where Plaintiff was subjected to another search of his person by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was eventually charged by THE QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE with violating Criminal Contempt (New York Penal Law Section 215.50) upon the sworn Criminal Court complaint of Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO. After approximately twenty four hours in custody the Plaintiff was released. On the next Court appearance the criminal case against the Plaintiff was dismissed and sealed on the motion

of THE QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force**

14.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Thirteen (14) as if fully set forth herein.

15.  Upon information and belief, on November 29, 2013, the conduct of Defendant NEW YORK CITY POLICE OFFICER FELIX ROSA, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully punching, and macing the Plaintiff without lawful reason or cause.

16.  That the actions of Defendant NEW YORK CITY POLICE OFFICER FELIX ROSA occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Excessive Force**

17.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18.  That upon information and belief, on November 29, 2013 the conduct of Defendant NEW YORK CITY POLICE OFFICER JAMAL BLACKETT, acting under the color of State Law, violated Section 42 U.S.C. 1983 by unlawfully punching the Plaintiff without lawful reason or cause.

8

19.   That the actions of Defendant NEW YORK CITY POLICE OFFICER JAMAL BLACKETT occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendment to the United States Constitution-Excessive Force**

20.   The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21.   That upon information and belief, on November 29, 2013 the conduct of Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully discharging his firearm within close proximity of Plaintiff's left ear, without lawful reason or cause.

22.   That the actions of Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendment to the United States Constitution-Unlawful Strip Search**

9

23. The Plaintiff incorporates by reference each of the allegations set forth in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief, on August 7, 2015 the conduct of Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, acting under the color of State Law, violated Section 42 U.S.C. by conducting the unlawful strip search of Plaintiff, without probable cause or basis in law or fact.

25. That the actions of Defendant(s) NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE and NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH FEDERAL CLAIM

### Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force

26. The Plaintiff incorporates by reference each of the allegations set forth in paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That upon information and belief, on August 7, 2015 the conduct of Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE, acting under the color of State Law, violated Section 42 U.S.C. 1983 by unlawfully causing injury to Plaintiff's hand during the conducting of an unlawful strip search of Plaintiff without lawful reason or cause.

28. That the actions of Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**SIXTH FEDERAL CLAIM**

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

29. The plaintiff incorporates by reference each of the allegations set forth in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That upon information and belief, on October 30, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting, searching and detaining Plaintiff without lawful reason or cause.

31. That the actions of Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO occurred in and during the scope of her duties and functions as a new York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**SEVENTH FEDERAL CAUSE OF ACTION**

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution**

32. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33. That upon information and belief, on October 30, 2015, the conduct of Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and maliciously swearing out a Criminal Court Complaint charging Plaintiff with the crime of criminal contempt without basis in law or fact,, and without lawful reason or cause.

34. That the actions of Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO occurred in and during the scope of her duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

35. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO resulted in the false arrest, detention, search and imprisonment of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

37. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendant NEW YORK CITY POLICE OFFICER AMANDA

MORABITO resulted in the intentional infliction of emotional distress to Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

39. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE SERGEANT PAUL MUGGEO resulted in the permanent loss of hearing in Plaintiff's left ear, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

41. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty (40) as if fully set forth herein.

42. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO resulted in the false arrest, detention and search and seizure of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIFTH STATE LAW CLAIM

43. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant(s) NEW YORK CITY POLICE LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER

13

ONE resulted in the unlawful strip search of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

45. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Four (44) as if fully stated herein.

46. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORKCITY POLICE LIEUTENANT JOHN DOE resulted in injury inflicted upon Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH STATE LAW CLAIM

47. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Six (46) as if fully set forth herein.

48. That the actions of Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

## EIGHTH STATE LAW CLAIM

49. Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Forty Eight (48) as if fully set forth herein.

50. That the actions of Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer extreme anxiety, public humiliation and embarrassment.

## NINTH STATE LAW CLAIM

14

51. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Fifty (50) as if fully set forth herein.

52. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant(s) NEW YORK CITY POLICE SERGEANT PAUL MUGGEO in unlawfully discharging his firearm within close proximity of Plaintiff's left ear without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## TENTH STATE LAW CLAIM

53. Plaintiff incorporates by reference each of the allegations contained in paragraphs One 91) through Fifty Two (52) as if fully set forth herein.

54. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE LIEUTENANT JOHN DOE in effectuating the search, arrest, and detention of Plaintiff without probable cause, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## ELEVENTH STATE LAW CLAIM

55. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Fifty Four (54) as if fully set forth herein.

56. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER AMANDA MORABITO, in conducting the unlawful detention, search and arrest of Plaintiff without legal reason or probable cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Officers PAUL MUGGEO, JAMAL BLACKETT, FELIX ROSA, LIEUTENANT JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE, JOHN DOE NUMBER ONE and NEW YORK CITY POLICE OFFFICER AMANDA MORABITO.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 28, 2015

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
TYSHAWN CORBETT
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373

16